IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave., Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>SANTA CRUZ BEACH LLC; ALLEN PROPERTY GROUP, INC.; and MATT MCNAMARA, aka MATTHEW MCNAMARA, dba PRETTY GOOD ADVICE,<br><br>　　　　　　Defendants | Case No. 25-cv-10820<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, AND 54.3; and HEALTH & SAFETY CODE §§ 19953 *et seq.*)**; **INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
1

1    Plaintiff JAMES ALGER ("Plaintiff") complains of Defendants SANTA CRUZ BEACH LLC; ALLEN PROPERTY GROUP, INC.; and MATT MCNAMARA, aka MATTHEW MCNAMARA, dba PRETTY GOOD ADVICE ("Defendants"), and each of them, and alleges as follows:

1.  **INTRODUCTION:** Pretty Good Advice in Santa Cruz is a popular local restaurant. However, it is not accessible to individuals with mobility disabilities, including those who use scooters or wheelchairs, because it fails to provide accessible dining tables/counters on both the interior and exterior of the restaurant and a restroom that is fully accessible to individuals with disabilities. Because the restaurant is not accessible to individuals with mobility disabilities, in November 2025, Plaintiff was excluded from dining at Pretty Good Advice.

2.  Plaintiff seeks injunctive relief to require Defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to patronize the subject premises will be provided accessible facilities. Plaintiff also seeks recovery of damages for his discriminatory experience and denial of access and of civil rights, which denial is continuing because of Defendants' failure to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

3.  **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related claims arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, and 54.3; and Title 24 California Code of Regulations, the California State Building Code.

4.  **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's claims arose in this district.

5.  **INTRADISTRICT:** This case should be assigned to the San Jose intradistrict as

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

6. **PARTIES:** Plaintiff is a qualified individual with a physical disability as defined by federal and state statutes. Plaintiff has progressive peripheral neuropathy, a physical impairment that damages the peripheral nerves. The deterioration from this condition advanced rapidly due to a work-related back injury. As a result, he experiences profound and progressive weakness and numbness in his hands, arms, legs, and feet. These physical impairments substantially limit major life activities, including walking and carrying out tasks that require fine motor skills. Because of these limitations, Plaintiff uses a wheelchair or scooter for mobility. He lives in Porter Ranch, California.

7. Defendants are, and were the owners, operators, lessors and/or lessees of the subject business, property and buildings at all times relevant to this Complaint.

8. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Pretty Good Advice is a place of "public accommodation" and "business establishment" subject to the requirements of 42 USC section 12181(7) of the Americans with Disabilities Act of 1990; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq.*

**FIRST CLAIM:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES**
**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54 *et seq.*)**

**Against all Defendants and each of them**

10. Plaintiff repleads and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 10, above, and incorporates them

herein by reference as if separately repled hereafter.

11.     Plaintiff and other similarly situated physically disabled persons, including those who require the use of a wheelchair or scooter, are unable to use public facilities on a "full and equal" and meaningful basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19955 *et seq*. Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA, including, but not limited to, any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

12.     Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect. Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions of Pretty Good Advice, also occurred between July 1, 1970, and December 31, 1981, and required

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
4

access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*. Further, on information and belief, additions to the building after the initial construction also occurred after January 1, 1972, triggering access requirements per Health and Safety Code section 19959, and as to alterations or additions after January 26, 1993, triggering ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

13. **FACTUAL STATEMENT:** In November, 2025, Plaintiff traveled south to Santa Cruz after visiting the Monterey Bay Aquarium, where he holds an annual membership and which he visits several times a year. The weather that day was warm and sunny, making outdoor dining appealing. As part of this stop in Santa Cruz, Plaintiff planned to spend time along Pacific Avenue doing Christmas shopping for friends and family, something he trieds to do ahead of the heavier holiday crowds.

14. Around midday, as it was approaching lunchtime and Plaintiff was getting hungry, Plaintiff came upon Pretty Good Advice while rolling along Pacific Avenue. Plaintiff did not search for it specifically but encountered it by chance and decided to stop, as it looked like a potential place for lunch.

15. As Plaintiff approached the restaurant on his mobility scooter, it became readily apparent that there was no accessible outdoor seating available for him. Pretty Good Advice's exterior seating consisted of three small, round café-style tables paired with chairs. Each table was supported by a central pedestal with intersecting, crisscrossed legs forming an "X"-shaped base that extended outward near ground level. Because of this design, there was no adequate depth beneath the table.

16. Due to the configuration of the table bases, Plaintiff could not position his mobility scooter close enough to sit at any of the tables. Plaintiff would approach by parallel parking the scooter next to the table and rotating the articulating seat to face it, but the X-shaped base prevents the scooter from getting close enough to the table edge, and even if it could, Plaintiff's feet would get hung up on the underside of the table, making it physically impossible

1 for him to eat at the table.

2  17. Plaintiff decided to head inside briefly at this point more to check out the menu than anything else. The large menu is mounted on the wall, and while he was inside, Plaintiff observed that there appeared to be additional accessibility barriers inside. The interior featured multiple long high bar table on one side with bar-type stools, all too tall and lacking space for a wheelchair or scooter approach.

18. In the end, Plaintiff decided to move on and looked on his phone for another place to eat nearby.

19. If Defendants make the subject location accessible, Plaintiff will return to dine at Pretty Good Advice. Plaintiff remains deterred from dining at Pretty Good Advice so long as it is inaccessible to him.

20. Before filing this lawsuit, Plaintiff's counsel engaged a CASp-certified accessibility expert to evaluate the accessibility of the subject property. Upon information and belief, based on that evaluation, the expert determined that the property does not comply with applicable accessibility standards and identified the following barriers related to Plaintiff's disabilities:

1) No counter seating 60" wide with 34" max height
2) Counter seating is not 19" deep
3) No outdoor ADA seating provided
4) Restroom coat hock over 48"
5) Paper towel dispenser in restroom over 40"
6) Restroom door hardware over 44"
7) Soap dispenser in restroom over 40"
8) Main door threshold not beveled and over 1/2"
9) Floor mats are tripping hazard at edges
10) Toilet paper dispenser above side grab bar
11) Rear grab bar is not centered 12/24 to WC

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

      12) Restroom floor has slopes over 2% around floor drain

      13) No 48" clear space in front of WC due to garbage can

      14) Lower 10" of restroom door is not smooth and clear

      15) No 12" clear space at latch side of restroom door

21. The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's counsel's access expert. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers that Plaintiff may encounter when he returns to the premises. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

22. Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law.

23. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled, including but not limited to wheelchair and scooter users, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires mobility aids.

24. Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to

and use of these public facilities. Therefore, Plaintiff cannot return to patronize Pretty Good Advice and its facilities and is deterred from further meaningful and enjoyable patronage until these facilities are made properly accessible for disabled persons.

25. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that Plaintiff has personally encountered, and, as to all areas identified during this litigation by Plaintiff's counsel's access consultant, that Plaintiff or other similarly disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011). As to those of Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

26. Wherefore, Plaintiff ask this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code section 19953, and other law. Plaintiff further request that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

27. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and

54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to their damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he is and was physically disabled and unable, because of the architectural, policy and other barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. The violations have deterred Plaintiff from returning to attempt to patronize Pretty Good Advice and will continue to cause him damages so long as these barriers to access continue to be present, according to proof.

28. At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at the subject facilities violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other physically disabled persons, but Defendants have failed to rectify the violations, and presently continue a course of conduct of maintaining architectural and policy barriers that discriminate against Plaintiff and similarly situated disabled persons.

29. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce his rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seek recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and California Health & Safety Code section 19953. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff pray for damages and injunctive relief as hereinafter stated.

# SECOND CLAIM:
## VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)

**Against all Defendants and each of them**

30. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 29 of this Complaint and incorporates them herein as if separately re-pleaded.

31. At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

32. California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

33. Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

34. Any violation of the Americans with Disabilities Act of 1990 (as pled in the third cause of action) constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under

the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

35. The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

36. **FEES AND COSTS:** As a result of Defendants' acts, omissions and conduct, Plaintiff have been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seek recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

### THIRD CLAIM:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §§ 12101 *et seq*

37. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 36 of this Complaint and incorporates them herein as if separately re-pleaded.

38. In 1990, the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;"

that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

39. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

40. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

41. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to "a restaurant, bar, or other establishment serving food or drink." 42 USC § 12181(7)(B).

42. The ADA states that "No individual shall be discriminated against on the basis of

disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

43. The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, was at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under

California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

44. Remediation of the accessibility barriers at Pretty Good Advice is, and at all relevant times, was readily achievable because the identified violations are limited in scope, involve non-structural elements, and can be corrected quickly and inexpensively without altering the facility's fundamental nature or operations.

45. With regard to the exterior inaccessible tables that Plaintiff encountered, this condition can be remedied simply by replacing or reconfiguring at least one existing table with an ADA-compliant table. Such tables are commercially available, low-cost, and require no construction or permitting. As to the interior counters, compliance can be achieved by low-cost modifications. The remaining barriers identified by the CASp-certified expert consist almost entirely of minor, easily correctable issues, including the height or placement of dispensers, hooks, and door hardware; the relocation of a trash can obstructing required clear floor space; adjustment or replacement of floor mats; and correction of restroom accessories such as grab bars and toilet paper dispensers. These are routine maintenance-level modifications that involve basic tools, minimal labor, and negligible cost. Several items, such as moving a garbage can, replacing door hardware, beveling a threshold, or repositioning accessories, can be completed in a matter of hours.

46. Importantly, none of the identified barriers require changes to load-bearing elements, plumbing relocation, or business closure. The corrections would not disrupt service, reduce seating capacity, or impose undue financial or administrative burden on Defendants. To the contrary, many of these modifications represent the type of straightforward, low-cost accessibility improvements that the Department of Justice expressly contemplates as "readily

achievable."

47. Because the barriers are obvious, well-defined, and correctable through simple replacement, minor adjustments, and routine maintenance, the benefits, including providing equal access, improving safety and usability, expanding the customer base, and ensuring compliance with accessibility laws, substantially exceed the modest costs.

48. On information and belief, as of the date of Plaintiff's encounter at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of their disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

49. Defendants' actions continue to deny Plaintiff right to full and equal access by deterring him from patronizing Pretty Good Advice and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

50. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounter. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative

methods, to the extent required by this title.

51. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use or attempt to use the property and premises, or attempt to patronize Pretty Good Advice, in light of Defendants' policies and physical premises barriers.

WHEREFORE, Plaintiff request relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff JAMES ALGER prays for judgment and the following specific relief against Defendants:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once

they are provided; to cease any discriminatory policies, and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code section 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

Date: December 19, 2025                          ALLACCESS LAW GROUP

                                                                     */s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER

**JURY DEMAND**

Plaintiff hereby demand a trial by jury for all claims for which a jury is permitted.

Date: December 19, 2025                          ALLACCESS LAW GROUP

                                                                  */s/ Irakli Karbelashvili*
                                                                  By IRAKLI KARBELASHVILI, Esq.
                                                                  Attorney for Plaintiff
                                                                  JAMES ALGER